## Proprietors of the Locks & Canals on Merrimack River vs. William Reed & another.

The indorser of a writ, sued out by an inhabitant of another State, is not discharged from his liability for costs by the removal of the plaintiff into this State during the pendency of his suit, and his thenceforward continuing to be an inhabitant of the State.

In *scire facias* against the indorser of a writ, it is not necessary, in order to prove the inability of the original plaintiff to pay the costs of his suit, to show that he was arrested and committed on the execution for costs: But the return of the officer, on the execution, that he had made diligent search for the party's property and could find none, and that he did not arrest him, because he had taken the benefit of the United States bankrupt act, is admissible in evidence: And if, in addition to such return, it be shown that proceedings in bankruptcy were instituted against the party before the issuing of the execution against him, and that his property was afterwards assigned under the bankrupt law, the officer will be held justified in omitting to arrest him, and the evidence will be sufficient to prove his inability to pay the costs.

Scire facias against the indorsers of a writ sued out by Benjamin Melvin, when he was not an inhabitant of this State, against the plaintiffs, in an action in which they recovered judgment in this court, at the October term 1842, for $201·52 costs.

At the trial before the chief justice, the plaintiffs offered in evidence the execution against said Melvin, issued on the 3d of January 1843, upon their said judgment for costs, and also the return thereon, which was as follows: "Middlesex, ss. April 11th 1843. By virtue of this execution, I have made diligent search for the goods and chattels of the within named Benjamin Melvin, but could not find either within my precinct. On the 9th of January last, I demanded of said Melvin the money or other property of his, whereon to satisfy this execution, who refused, and said he had no property in his hands by which he could pay the same; he, the said Melvin, having taken the benefit of the late United States bankrupt law, previous to the date of this execution. I therefore did not arrest and commit him, the said Melvin, to either of the jails, as within ordered, and now return this execution in no part satisfied.

Jos. Butterfield, Deputy Sheriff."

The defendants objected to the admission of that part of the officer's return, which referred to the proceedings in bankruptcy

but it was admitted as competent, being responsive to the precept of the writ of execution, and being the officer's excuse (whether sufficient or not) for not arresting Melvin according to the command of said writ.

The plaintiffs then offered evidence, to excuse the officer for not arresting and committing Melvin, that on the 7th of March 1843 a decree was passed by the district court, declaring the said Melvin a bankrupt ; that this decree was made in due course of law, on the petition of said Melvin, filed December 17th 1842 ; that, pursuant to said decree, S. Ames was appointed assignee, and that an assignment to him was executed, according to law, on the 8th of March 1843 ; and that said Melvin, on the 22d of said March, applied to said court for a discharge ; upon which application an order of notice was issued in due course. This evidence was objected to by the defend ants, but was admitted.

The defendants then contended, that unless Melvin, against whom the execution for costs issued, had avoided, or had been arrested and committed, they were not liable as indorsers. But it was ruled, that the pendency of proceedings in bankruptcy, before the issuing of the execution, though commenced after the rendition of the judgment, if followed by a decree declaring the debtor bankrupt, and an assignment duly executed according to the bankrupt law of the United States, was a sequestration of Melvin's goods and estate, and devested the same, by relation, from the time of his application, and was a sufficient excuse to the officer for not arresting him ; and that this fact, together with the return of *nulla bona*, was competent and sufficient evidence of *the inability* of Melvin, within the meaning of the Rev Sts. *c.* 90, § 11, to charge the defendants as indorsers.

The defendants offered to prove that the said Melvin removed into this Commonwealth, and resided here some time before the termination of his said suit against the plaintiffs, and at the time of the rendition of said judgment against him for costs, and had remained here ever since. The plaintiffs thereupon admitted that such was the fact. It was ruled, however, that this fact constituted no defence to this action

A verdict was returned for the plaintiffs, subject to the opinion of the court. Judgment to be entered on the verdict, if the above rulings were right ; otherwise, a new trial to be granted, or the verdict to be set aside and the plaintiffs to become nonsuit, as the court may order.

*Wentworth,* for the defendants. The removal of Melvin into the State, before final judgment in his suit, exonerated the defendants from their liability as his indorsers It is the intention of the Rev. Sts. *c.* 90, § 10, that if the original plaintiff be not within reach of the process of the court, some sufficient person within the State shall be liable for costs.

Reasonable diligence must be used to obtain the costs of the principal, before the indorser can be charged And where the principal does not avoid, it appears, from the case of *Ruggles* v. *Ives,* 6 Mass. 494, that the return of an arrest on the execution is the requisite proof of his inability to pay. See also *Herrick* v *Richardson,* 11 Mass. 234. *McGee* v. *Barber,* 14 Pick. 212.

The only facts in the officer's return are, that the officer could find no property, and that he did not commit Melvin, because he had taken the benefit of the bankrupt law. If bankruptcy excused the officer, he should have set forth the proceedings in bankruptcy, so that the court might judge of their sufficiency. See *Cheney's case,* 5 Law Reporter, 19. *Comstock's case,* ib. 163. *Ex parte Newhall,* ib. 306.

*Hopkinson,* for the plaintiffs. The defendants are liable, in case of the *inability* of Melvin, whether he were an inhabitant of the State or not ; and the return of the officer that he could find no property, after diligent search, is conclusive evidence against the defendants that Melvin had no property within the officer's precinct. *Craig* v. *Fessenden,* 8 Shepley, 34. *Harkness* v. *Farley,* 2 Fairf. 491. The dictum in *Ruggles* v. *Ives,* that the inability of the principal to pay the costs must appear from the officer's return that he has suffered his body to be imprisoned, was extrajudicial. And it was decided in 2 Fairf. *ubi sup.,* that parol evidence, not contradictory to the officer's return, may be introduced concerning the ability or inability of the principal. In *scire facias,* matters *in pais* are often introduced. See *Cook* v *Jones,* Cowp. 727. 2 Saund. 72. *note.*

Proprietors of Locks & Canals *v.* Reed & another.

The plaintiffs had no occasion nor right to do a useless and cruel act, by committing Melvin on their execution ; and the district court might have prohibited them, by injunction, from so doing. *Winthrop's case*, 5 Law Reporter, 24. *U. States v. Dobbins*, ib. 81. If the plaintiffs had collected their full costs of Melvin, they would have gained an illegal preference, and might have been compelled to pay them to his assignee.

DEWEY, J.* The defendants, by indorsing the writ, assumed the general liability of indorsers, and that liability is not discharged by the fact proposed to be shown, viz. that Melvin, the plaintiff in the original suit, removed into the State, and was a resident here at and before the termination of the suit. The right of a defendant to have an indorser furnished is not exclusively restricted to cases where the plaintiff is without the State. The only distinction is, that where the plaintiff is not an inhabitant of the State, the writ must, before the entry of the same, be indorsed by some sufficient person who is an inhabitant of the State. But the court may, on motion, in all cases where it shall appear to them to be reasonable, require the plaintiff to procure a sufficient indorser. Rev. Sts. *c.* 90, § 10.

Have the proper steps been taken to charge the indorsers ? By the Rev Sts. *c.* 90, § 11, " such indorser shall be liable, in case of the avoidance or inability of the plaintiff, to pay all such costs as shall be awarded against the plaintiff." Either avoidance or inability of the plaintiff is sufficient to charge the indorser.

It is contended by the defendants, that where there is no avoidance, there must be an actual commitment to prison, or no sufficient evidence of inability will be furnished. We think that is too restricted a principle, and that inability may be shown by proof of facts of the character of those here offered in evidence. The omission to arrest and commit Melvin was well justified, by the proceedings in bankruptcy then pending, and the transfer of his property to an assignee ; and upon these facts being shown in aid of the officer's return, the plaintiffs are enti-

* *Hubbard*, J. did not sit in this case

13 *

tled to a judgment against the indorsers of the original writ. The rulings at the trial were correct, and judgment is to be entered for the plaintiffs, on the verdict.